```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF ALABAMA
                            MIDDLE DIVISION
```

STACEY SWICEGOOD-BRACKET,      )
et al.,                        )
                               )
        Plaintiffs,            )
                               )      CIVIL ACTION NO.
v.                             )
                               )      CV-97-AR-0669-M
QUALITY OF LIFE HEALTH         )
SERVICES, INC., et al.,        )
                               )
        Defendants.            )

FILED 97 APR 11 PM 3:41 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED APR 11 1997

## MEMORANDUM OPINION

The court has before a motion by defendants, Quality of Life Health Services ("QLHS"), Wayne Rowe ("Rowe"), Mario Jackson ("Jackson"), and John Jenkins ("Jenkins), for summary judgment in the above-entitled cause. A submission order was entered on March 19, 1997, that required plaintiffs to respond to defendants' motion on or before 4:30 p.m. on April 7, 1997. Plaintiffs failed to respond. Because defendants' motion is well supported, and because plaintiffs have failed to offer any evidence whatsoever to support their complaint, defendants' motion is due to be granted. *See Dunlap v. TransAmerica Occidental Life Ins. Co.*, 858 F.2d 629 (11th Cir. 1988).

Plaintiffs, Stacey Swicegood-Bracket ("Swicegood-Bracket") and

1



Ernetta Richardson ("Richardson"), never filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") for their Title VII claims, and were therefore never entitled to or issued a right-to-sue letter. (Pl. Ex. A, Affidavit of Wayne Rowe). Defendants have never received notice of plaintiffs' charges from the E.E.O.C. if they did exist. *Id.*

> In order to assert a claim of racial discrimination under Title VII, a claimant must file a complaint with the EEOC within 180 days after the alleged discriminatory practice occurred. 42 U.S.C. § 2000e-5(e)(West 1974).

*Stafford v. Muscogee County Bd. of Educ.*, 688 F.2d 1383, 1387 (11th Cir. 1982); *accord Allen v. United States Steel Corp.*, 665 F.2d 689, 692 (5th Cir. Unit B 1982).[1] If a claim was filed initially with a state or local agency, the charge shall be filed within 300 days after the alleged discriminatory practice. *See* 42 U.S.C. § 2000e-5(e) (1997). Because neither Swicegood-Bracket nor Richardson filed a charge with the E.E.O.C. or received a right-to-sue letter, defendants properly point out that any Title VII claims by Swicegood-Bracket and Richardson are due to be dismissed. This

---

[1]"In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981." *Hargett v. Valley Federal Savings Bank*, 60 F.3d 754, 760 n.3 (11th Cir. 1995). "Although *Allen* was decided after September 30, 1981, the Eleventh Circuit regards the decisions of Unit B panels of the former Fifth Circuit as binding precedent." Id. at 760 n.4 (citing *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982)).

court agrees.

In *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 449-50 (11th Cir. 1993), the Eleventh Circuit reexamined the holding in *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1011-12 (11th Cir. 1982), recognizing that:

> in certain instances . . . a plaintiff who has not filed an EEOC charge [may] rely on another plaintiff's charge provided two essential requirements are met: (1) the charge being relied upon must be timely and not otherwise defective; and (2) the individual claims of the filing and non-filing plaintiffs must have arisen out of similar discriminatory treatment in the same time frame.

*Calloway*, 986 F.2d at 449. The Eleventh Circuit expanded the rule allow a plaintiff "who <u>unsuccessfully moves to intervene</u> in the lawsuit of a plaintiff who has filed an EEOC charge [to] invoke the single filing rule . . . ." *Id*. at 450 (emphasis added). This holding is narrower than the question initially framed by the court: "[may] a plaintiff . . . invoke the singe-filing rule to rely on an EEOC charge filed by another plaintiff in another lawsuit." *Id*. at 449-50.

The court determined:

> Such a rule comports with the purposes of the EEOC charge requirement by ensuring that the settlement of grievances will be attempted first through the EEOC. Moreover, there is no reason to distinguish between a plaintiff who successfully intervenes and one who does not.

3

*Id.* at 450.

In the present action, Swicegood-Bracket and Richardson, apparently mean to "piggyback" their Title VII claims on the EEOC charges of plaintiffs, Fran Miller ("Fran"), Laura Miller ("Laura"), and Apryl Jennings ("Jennings"). (Pl. Complaint at ¶ 1). Fran, Laura, and Jennings all assert Title VII claims based on the same allegations earlier asserted in this court in an <u>entirely separate</u> action decided against them and currently on appeal to the Eleventh Circuit. *See Miller v. Quality of Life Health Services, Inc.*, CV-95-PT-3263-S. The federal claims of Fran, Laura, and Jennings were all dismissed with prejudice, and the state law causes of action were dismissed without prejudice by Judge Propst in that former action. (Pl. Ex. B).

Fran, Laura, and Jennings are so clearly barred from asserting their federal claims in this court by the doctrine of *res judicata* that to assert them here pushes to the edge of Rule 11 precipice. *See Manning v. City of Auburn,* 953 F.2d 1355, 1358 (11th Cir. 1992). They have already litigated their Title VII claims against defendant and have had an adjudication on the merits of those claims. They cannot reallege them here. Accordingly, to the extent that Fran, Laura and Jennings attempt to state any federal

4

claims, their claims will be dismissed.

Neither Swicegood-Bracket nor Richardson ever attempted to intervene in the previous suit before Judge Propst or even file a contemporaneous suit within 90 days of the right-to-sue letters being issued to Fran, Laura and Jennings. *See* 42 U.S.C. § 2000e-5(f). They now want to use these prior notices of other Title VII claims that are not properly before this court in order to avoid § 2000e-5(e) requirements. This court can understand the reasoning of the Eleventh Circuit in *Calloway*, and that reasoning supports the underlying rationale of § 2000e-5(e). The EEOC need not be inundated with numerous charges from similarly situated employees alleging similar discrimination that occurred roughly at the same time. Similarly, the employer need not be notified endlessly of such charges when the suits based on such claims are contemporaneously filed. However, a real possibility of abuse arises in a case such as this one where a plaintiff does not file an EEOC charge, does not attempt to intervene or sue contemporaneously with those who have filed their EEOC charge and watches passively while his fellow claimants' claims are adjudicated against them. Potential plaintiffs could, *ad infinitum*, avoid the EEOC filing requirements and the 90 day

5

requirement for filing in federal court by piggybacking on a plaintiff who had sued and lost on similar Title VII claims long ago. This would subject an employer, such as defendant, who has won a motion for summary judgment in another court, to an unending, save the statute of limitation bar, procession of suits. Accordingly, the Title VII claims of Swicegood-Bracket and Richardson are due to be dismissed with prejudice.

Because no federal claims remain in the present action, plaintiffs' state court causes of action will be dismissed without prejudice.

A separate and appropriate order will be entered.

DONE this 11th day of April, 1997.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT